No. 35

RUDY v. LAKESIDE HOSPITAL

No. 19458.   Supreme Court

On motion to certify.   Dock. Dec. 7, 1925; 3 Abs. 720.

226.  CHARITABLE INSTITUTIONS—Is a public charitable institution relieved of liability because of its character, when there has been left with it personal property of a patient which was misdelivered to a person other than the owner?

The facts, which are undisputed, are as follows:

Alma Rudy was seriously injured by being struck by a street car on the Public Square in Cleveland on May 28, 1924, and was taken by a policeman, in a taxicab to Lakeside Hospital, where the jewelry on her person was taken from her and turned over to the hospital. At the time of the accident, a man near by, who saw the accident, rode in the taxi cab to the hospital and thereby overheard the plaintiff request the officer to notify her daughter and son-in-law of the accident, and also observed that she wore valuable jewelry.   Thereafter, he went to an employee of the hospital who was in charge of the jewelry and represented himself to be Rudy's son-in-law and obtained the jewelry without any identification and thereupon absconded.

Suit in the Cuyahoga Common Pleas was not filed on the ground of negligence, but on contract; the claim being that the Hospital broke its contract of bailment.

The Hospital contends that in the case of a bailment the question of whether or not the bailee exercised proper care is the gist of the action and that, since it could not be held liable, except for failure to exercise ordinary care, the question of negligence is the issue and that as the Hospital is a charitable institution, no liability can attach to it because of the rule that a public charitable institution is not liable for the negligent acts of its agents or employees.

Rudy contends that she had two causes of action as follows:

(1)  To sue in tort on ground of negligence, or

(2)  Waive the tort and sue for breach of contract of bailment.

She further contends that she elected to sue in contract and that therefore a misdelivery by the bailee does not relieve it of liability by showing an exercise of ordinary care; so that the question of negligence is not an issue and therefore the Hospital is liable by virtue of the rule that a public charitable institution is liable for breach of its contracts.

Attorneys—Howell, Roberts & Duncan, for Hospital; Dustin, McKeehan, Merrick, Arter & Stewart, for Rudy; all of Cleveland.

Note—OA. opinion will be found in 3 Abs. 747.

---

No. 36

FITZSINON REALTY CO. v. MINNICH

No. 19411.   Supreme Court

On motion to certify.   Dock. Nov. 10, 1925; 3 Abs. 722.

257.  COMMISSION—Is a real estate broker entitled to a commission for the sale of property listed with him, the broker having written the prospective customer and also the owner, giving terms, but did nothing further for several months, and such purchaser ultimately becoming the buyer?

The Fitzsinon's Realty Co., the owner of a certain residence, placed it on the market for sale in January 1923, and Ohmer Minnich, a real estate broker, listed said property with the consent of the owner in April 1923.   On May 22, 1923, an agent of Minnich notified the Company's secretary of a prospective purchaser by the name of Bortsche and thereupon delivered a written statement of the terms upon which the property could be bought, to the wife of Bortsche.

No further effort to effect the sale was made by the broker and later Bortsche, after negotiating with the owneer, bought the property.   The broker never saw Bortsche or communicated with him in any way from May 22, 1923 to September, and after the sale he claimed a commission for procuring the purchaser, Bortsche.

The Realty Co. contends that the trial court erred in refusing to sustain a motion to arrest the case from the jury, and direct a verdict for it.   The Court of Appeals of Cuyahoga County affirmed the judgment of the trial court without opinion.

The question of law to be decided is whether or not a real estate broker is entitled under the above facts to have the jury decide if his efforts were the procuring cause of the sale, even though he did not bring the purchaser and the owner into personal contact or show the property to the purchaser, when the listing was not exclusive.

Attorneys—White, Cannon & Spieth for Company; George W. Spooner for Minnich; all of Cleveland.